UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIARUBEN CHUQUIMARC CARGUACHI, A- 221-056-315,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX,

Respondent.

No. 1:26-cv-06877-DAD-CKD P

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition and respondent's response are before the court. (ECF Nos. 1, 5.) Petitioner has also filed a motion to proceed in forma pauperis (ECF No. 6) which is granted. This matter was referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Ecuador who alleges he entered the United States on July 19, 2026. (ECF No. 1 at 16.) Petitioner was detained by ICE on July 22, 2026, following a vehicle stop near Pampa, Texas. (Id.; ECF No. 5 at 4.)

Petitioner alleges he is unlawfully detained in violation of his statutory rights and the Due

Process Clause of the Fifth Amendment. (ECF No. 1.) He requests release from custody, or, alternately, a prompt individualized hearing regarding his continued detention. (Id.)

Respondent opposes the petition. (ECF No. 5.) Respondent acknowledges the Ninth Circuit has held that 28 U.S.C. § 1226 is the governing statute for petitioner's detention and states petitioner is entitled to seek a custody redetermination before an immigration judge. (Id. 1.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was present in the interior of the United States when he was detained by ICE, and thus the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). By not providing petitioner a bond hearing, respondents are violating the INA.

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner was entitled to an initial bond hearing and other process which should have already been provided. Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a).

////

Alternate to a bond hearing, petitioner seeks release from custody. However, the record

lacks evidence that petitioner acquired a due process liberty interest in remaining free from immigration detention. Petitioner entered the United States two days prior to being detained and immigration officials have not previously admitted or released him into the United States after finding he presents no danger to the community or a flight risk. Cf. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention). Considering § 1226(a)'s discretionary detention framework, and the absence of prior release on bond pursuant to § 1226(a) or otherwise, an order directing respondents to provide a bond hearing is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings).

**IV. Order Recommendation**

In accordance with the above, plaintiff's motion to proceed in forma pauperis (ECF No. 6) is GRANTED.

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

////

////

////

////

////

objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 carg6877.mer